Office of the Secretary of State  
Building 1 Suite 157-K  
1900 Kanawha Blvd E.  
Charleston, WV 25305



**Mac Warner**  
Secretary of State  
State of West Virginia  
**Phone:** 304-558-6000  
886-767-8683  
**Visit us online:**  
www.wvsos.com

USPS CERTIFIED MAIL™



9214 8901 1251 3410 0003 5513 11

RIVERSIDE TRANSPORATION, INC.  
W. TODD METZGER  
10 W. MARKET STREET  
SUITE 1400  
INDIANAPOLIS, IN 46204

**Control Number:** 297491  
**Defendant:** RIVERSIDE TRANSPORATION, INC.  
10 W. MARKET STREET  
SUITE 1400  
INDIANAPOLIS, IN 46204 US

**Agent:** W. TODD METZGER  
**County:** Fayette  
**Civil Action:** 22-C-109  
**Certified Number:** 92148901125134100003551311  
**Service Date:** 9/27/2022

I am enclosing:

**1 interrogatories, 1 request for production, 1 request for admissions, 1 summons and complaint**

which was served on the Secretary at the State Capitol as your statutory attorney-in-fact. According to law, I have accepted service of process in the name and on behalf of your unauthorized foreign corporation.

*Please note that this office has no connection whatsoever with the enclosed documents other than to accept service of process in the name and on behalf of your unauthorized foreign corporation as your attorney-in-fact. Please address any questions about this document directly to the court or the plaintiff's attorney, shown in the enclosed paper, **not to the Secretary of State's office**.*

Sincerely,

*Mac Warner*

Mac Warner  
Secretary of State

**EXHIBIT A**

E-FILED | 9/22/2022 10:38 AM
CC-10-2022-C-109
Fayette County Circuit Clerk
Deborah Hendrick

**SUMMONS**

# IN THE CIRCUIT COURT OF FAYETTE COUNTY, WEST VIRGINIA

**PATRICIA ROGERS,**

    **Plaintiff,**

v.                                   **CIVIL ACTION NO.: 22-C-109**

                                             **HONORABLE THOMAS E. EWING**

**CRAIG A. TARBOX,**
**RIVERSIDE TRANSPORTATION, INC.,**
**RIVERSIDE TRANSPORT, INC.,**
**and JOHN DOE COMPANY,**

    **Defendants.**

TO:    RIVERSIDE TRANSPORTATION, INC.
          Agent: W. Todd Metzger
          10 W. Market Street
          Suite 1400
          Indianapolis, IN 46204

IN THE NAME OF THE STATE OF WEST VIRGINIA, you are hereby Summoned and required to serve upon **Jennifer D. Roush**, Plaintiffs' attorney, whose address is **Farmer Cline & Campbell, PLLC, 746 Myrtle Road, Charleston, West Virginia**, an answer, including any related counterclaim you may have, to the "**Complaint**" filed against you, along with the "**Plaintiff's First Set of Interrogatories, Requests for Production of Documents, and Requests for Admission Directed to Defendant Riverside Transportation, Inc.**" in the above-styled civil action, a true copy of which is herewith delivered to you. You are required to serve your answer to the Complaint within thirty (30) days after service of this Summons upon you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the Complaint, and you will be thereafter barred from asserting in another action any claim you may have which must be asserted by counterclaim in the above-styled civil action. The attached discovery requests contain the information about when and how your responses to those requests may be made.

Dated: _____

                                                               Clerk of Court

                                                               By: _____

E-FILED | 9/22/2022 10:38 AM
CC-10-2022-C-109
Fayette County Circuit Clerk
Deborah Hendrick

CIVIL CASE INFORMATION STATEMENT
CIVIL CASES

IN THE CIRCUIT COURT OF FAYETTE COUNTY, WEST VIRGINIA

I.    CASE STYLE:

IN THE CIRCUIT COURT OF FAYETTE COUNTY, WEST VIRGINIA

PATRICIA ROGERS,

   Plaintiff,

v.                                                                      CIVIL ACTION NO.: 22-C-109

HONORABLE THOMAS E. EWING

CRAIG A. TARBOX,
RIVERSIDE TRANSPORTATION, INC.,
RIVERSIDE TRANSPORT, INC.,
and JOHN DOE COMPANY,

| Defendant(s) | Days to Answer | Type of Service |
|---|---|---|
| CRAIG A. TARBOX<br>32 Pine Run Road<br>Lewis Run, PA 16738<br>(*Pursuant to W. Va. Code§ 56-3-31*) | 30 | Secretary of State |
| RIVERSIDE TRANSPORTATION, INC.<br>Agent: W. Todd Metzger<br>10 West Market Street<br>Suite 1400<br>Indianapolis, IN 46204 | 30 | Secretary of State |
| RIVERSIDE TRANSPORT, INC.<br>Agent: Cogency Global, Inc.<br>850 New Burton Road<br>Suite 201<br>Dover, DE 19904 | 30 | Secretary of State |

| PLAINTIFF: Patricia Rogers | CASE NUMBER: |
| DEFENDANT: Craig A. Tarbox, et al. | |

**II. TYPE OF CASE:**

| TORTS | | OTHER CIVIL | |
|---|---|---|---|
| ☐ Asbestos | ☐ Adoption | ☐ Appeal from Magistrate Court |
| ☐ Professional Malpractice | ☐ Contract | ☐ Petition for Modification of Magistrate Sentence |
| ■ Personal Injury | ☐ Real Property | ☐ Miscellaneous Civil |
| ☐ Product Liability | ☐ Mental Health | ☐ Other |
| ☐ Other Tort | ☐ Appeal of Administrative Agency | ☐ Fraud and Conversion |

**III. JURY DEMAND:** ■ Yes ☐ No
CASE WILL BE READY FOR TRIAL BY *(MONTH/YEAR):* __9__ / __2023__

**IV. DO YOU OR ANY OF YOUR CLIENTS OR WITNESSES IN THIS CASE REQUIRE SPECIAL ACCOMMODATIONS DUE TO A DISABILITY OR AGE?** ☐ YES ■ NO
IF YES, PLEASE SPECIFY:
☐ Wheelchair accessible hearing room and other facilities
☐ Interpreter or other auxiliary aid for the hearing impaired
☐ Reader or other auxiliary aid for the visually impaired
☐ Spokesperson or other auxiliary aid for the speech impaired
☐ Other: __Unknown at this time__

*Attorney Name:* Stephen B. Farmer (WV State Bar No. 1165)
(Email: sbfarmer@fcclaw.net)
Robert A. Campbell (WV State Bar No. 6052)
(Email: racampbell@fcclaw.net)
Jennifer D. Roush (WV State Bar No. 11165)
(Email: jdroush@fcclaw.net)
*Firm:* FARMER, CLINE & CAMPBELL, PLLC
*Address:* P.O. Box 3842
Charleston, WV 25338
*Telephone:* (304) 346-5990
*Dated:* September 22, 2022

*Representing:*
■ *Plaintiffs*
☐ *Defendant*
☐ Cross-Defendant
☐ Cross-Complainant
☐ Pro Se

*Signature:* [signed]

IN THE CIRCUIT COURT OF FAYETTE COUNTY, WEST VIRGINIA

PATRICIA ROGERS,

    Plaintiff,

v.                                         CIVIL ACTION NO.:_____

                                           HONORABLE:_____

CRAIG A. TARBOX,
RIVERSIDE TRANSPORTATION, INC.,
RIVERSIDE TRANSPORT, INC.,
and JOHN DOE COMPANY,
    Defendants.

## COMPLAINT

Now comes the Plaintiff, Patricia Rogers, by and through her counsel, Farmer, Cline & Campbell, PLLC, and hereby states the following for her Complaint.

### PARTIES, JURISDICTION, AND VENUE

1. The Plaintiff, Patricia Rogers ("Plaintiff"), is a resident of Powellton, Fayette County, West Virginia.

2. Defendant Craig A. Tarbox ("Defendant Tarbox") is, upon information and belief, a resident of McKean County, Pennsylvania.

3. Defendant Riverside Transportation, Inc. ("Defendant Riverside") is, upon information and belief, an Indiana corporation with its principal office located in Rockport, Indiana.

4. Defendant Riverside is an interstate motor carrier.

5. Defendant Riverside is registered with the U.S. Department of Transportation under U.S. D.O.T. Number 1955762.

6. Defendant Riverside Transport, Inc. ("Defendant RTI") is, upon information and belief, a Delaware corporation with a principal office located in Kansas.

7. Defendant RTI is an interstate motor carrier.

8. Defendant RTI is registered with the U.S. Department of Transportation under U.S. D.O.T. Number 546015.

9. Upon information and belief, Defendants Riverside and RTI are affiliates.

10. Defendant John Doe Company is an unknown company that upon information and belief does business in West Virginia.

11. Pursuant to West Virginia Code §§ 56-3-31 and 56-3-33, this Court has jurisdiction over the parties and claims asserted in this matter as Defendants Riverside, RTI and John Doe Company do business in West Virginia and Defendant Tarbox caused a tortious injury while operating a commercial motor vehicle in West Virginia and while acting as an agent/employee of Defendant Riverside, Defendant RTI and/or Defendant John Doe Company.

12. Pursuant to West Virginia Code § 56-1-1, Fayette County is an appropriate venue for this action as, upon information and belief, Defendants Riverside, RTI and/or John Doe Company do business in Fayette County; Defendants Riverside, RTI and/or John Doe Company do not have any principal offices in West Virginia or any officers or presidents that reside in West Virginia; and it is the location where the collision occurred and the cause of action arose.

## COUNT I

## NEGLIGENCE / RECKLESSNESS/VICARIOUS LIABILITY

13. The Plaintiff incorporates, by reference, all preceding allegations contained within this Complaint.

14. On or about October 23, 2020, the Plaintiff was a operating a vehicle in a lawful and proper manner, traveling west on Route 61, in Fayette County, West Virginia.

15. At or about the same and place, Defendant Tarbox was operating an International Tractor-Trailer ("Tractor-Trailer") and traveling east on Route 61, in Fayette County, West Virginia.

16. The area of Route 61 where the Plaintiff and Defendant Tarbox were traveling is a two-lane roadway with a solid double yellow line dividing the eastbound and westbound lanes of Route 61.

17. As Defendant Tarbox approached the Plaintiff's vehicle from the opposite direction, he negligently and/or recklessly crossed the center line into the Plaintiff's lane of travel and struck the Plaintiff's vehicle.

18. At the time of the subject collision, Defendant Tarbox held a commercial driver's license ("CDL") issued by the Commonwealth of Pennsylvania.

19. Upon information and belief, the Tractor-Trailer operated by Defendant Tarbox was owned by Defendant Riverside.

20. At all times relevant to this Complaint, Defendant Tarbox had the permission of Defendant Riverside to operate the Tractor-Trailer.

21. Alternatively, the Tractor-Trailer operated by Defendant Tarbox was owned by Defendant RTI.

22. At all times relevant to this Complaint, Defendant Tarbox had the permission of Defendant RTI to operate the Tractor-Trailer.

23. Defendant Riverside was the authorized motor carrier for the load that Defendant Tarbox was hauling and/or had hauled.

24. At all times relevant to the Complaint, Defendant Tarbox was under dispatch for Defendant Riverside.

25. Alternatively, Defendant RTI was the authorized motor carrier for the load that Defendant Tarbox was hauling and/or had hauled.

26. Alternatively, at all times relevant to the Complaint, Defendant Tarbox was under dispatch for Defendant RTI.

27. At all times relevant to the Complaint, Defendant Tarbox was an employee of Defendant Riverside.

28. At all times relevant to the Complaint, Defendant Tarbox was an agent of Defendant Riverside.

29. At all times relevant to the Complaint, Defendant Tarbox was acting within the course and scope of employment with Defendant Riverside.

30. At all times relevant to the Complaint, Defendant Tarbox was acting within the course and scope of his agency with Defendant Riverside.

31. Defendant Riverside is vicariously liable pursuant to the theories of principal/agency and respondent superior for all wrongful actions and/or omissions that were committed by its agent/employee, Defendant Tarbox.

32. In the alternative, at all times relevant to this Complaint, Defendant Tarbox was acting within the course and scope of his employment and/or agency with Defendant RTI and/or Defendant John Doe Company and as such, Defendant RTI and/or Defendant John Doe Company are vicariously liable pursuant to the theories of principal/agency and respondent superior for all wrongful actions and/or omissions that were committed by Defendant Tarbox.

33. As a direct and proximate result of the Defendants' negligent, careless, and/or reckless conduct and the collision described above, the Plaintiff suffered severe injuries to her body for which she has and/or will continue to experience and/or incur:

(a) property damage;

(b) medical expenses;

(c) pain and suffering;

(d) physical limitations;

(e) diminished capacity to enjoy life;

(f) annoyance and inconvenience; and

(g) other consequences and damages associated with her injuries as may be specified as this action progresses.

## COUNT II

## PRIMA FACIE NEGLIGENCE

34. The Plaintiff incorporates, by reference, all preceding allegations contained within this Complaint.

35. In addition to those instances of negligence set forth elsewhere in this Complaint, Defendant Tarbox was negligent in at least the following specific ways:

a. Failing to keep his Tractor-Trailer under control;

b. Driving his vehicle in reckless disregard for the safety of other people on the road;

c. Failing to adhere to safe driving principles expected of professional truck drivers with commercial driver's licenses, including, but not limited to, failing to follow applicable laws regarding maintaining the Tractor-Trailer in the proper lane of travel and/or operation of a Tractor-Trailer in a curve in the roadway;

d.  Failing to operate his Tractor-Trailer in a safe and prudent manner in view of the conditions that existed at the time of the collision; and

e.  Otherwise failing to use that degree of care and caution that a reasonable and prudent person would have exercised under the same or similar circumstances.

36. At the time of the collision, Defendant Tarbox was operating a commercial motor vehicle in interstate commerce and was subject to the Federal Motor Carrier Safety Regulations.

37. At the time of the subject collision, Defendant Tarbox was also subject to the laws of the State of West Virginia governing the operating of interstate motor vehicles on West Virginia's public roadways.

38. Defendant Tarbox was negligent *per se* in that he violated Federal Motor Carrier Safety Regulations and various rules of the road, as incorporated into the laws and regulations of West Virginia.

39. Defendant Tarbox, as an operator of a commercial motor vehicle on a public roadway in West Virginia, owed a duty to the general public, and in particular to the Plaintiff, to obey all State and Federal laws and regulations with regard to acting as a motor carrier and operating a commercial motor vehicle.

40. In addition to other duties of Defendant Tarbox set forth in this Complaint, pursuant to W.Va. Code § 17C-6-1, Defendant Tarbox was required to operate his Tractor-Trailer in a controlled manner.

41. Defendant Tarbox violated the requirements of W.Va. Code § 17C-6-1, by failing to operate his Tractor-Trailer in a controlled manner and causing his Tractor-Trailer to enter the Plaintiff's lane of travel.

42. Pursuant to W.Va. Code § 17C-7-9, Defendant Tarbox was required to operate his Tractor-Trailer on the right side of the roadway, within his lane of travel, and refrain from entering another vehicle's lane of travel.

43. Defendant Tarbox violated the requirements of W.Va. Code § 17C-7-9, by failing to operate his Tractor-Trailer on the right side of the roadway, within his lane of travel, and crossing the center line into the Plaintiff's lane of travel.

44. Defendant Tarbox's violations of the law proximately caused the collision and the Plaintiff's injuries and damages, as set forth above.

45. Defendant Tarbox's conduct constitutes prima facie evidence of negligence and is actionable.

46. Defendant Riverside, Defendant RTI and/or Defendant John Doe Company are vicariously liable pursuant to theories of principal/agency and respondent superior for all wrongful actions and/or omissions that were committed by its agent/employee, Defendant Tarbox.

**WHEREFORE**, the Plaintiff, Patricia Rogers, requests that she be awarded judgment against the Defendants, Craig A. Tarbox, Riverside Transportation, Inc.; Riverside Transport, Inc.; and John Doe Company for the following:

(a) compensatory damages in an amount to be determined by a jury;

(b) punitive damages, to the extent that the Defendants' conduct warrants such damages;

(c) pre and post judgment interest, as allowed by law;

(d) attorneys' fees, costs and expenses incurred in connection with this action; and

7

(e) such other and further relief as the Court deems just and appropriate under the circumstances.

**PLAINTIFF DEMANDS A TRIAL BY JURY ON ALL ISSUES SO TRIABLE**

**PATRICIA ROGERS,**

**Plaintiff,**

**By Counsel:**

_____
STEPHEN B. FARMER (W. Va. State Bar No. 1165)
(Email: sbfarmer@fcclaw.net)
ROBERT A. CAMPBELL (W. Va. State Bar No. 6052)
(Email: racampbell@fcclaw.net)
JENNIFER D. ROUSH (W. Va. State Bar No. 11165)
(Email: jdroush@fcclaw.net)
FARMER, CLINE & CAMPBELL, PLLC
746 Myrtle Road (25314)
Post Office Box 3842
Charleston, West Virginia 25338
(304) 346-5990