IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

CHARLESTON DIVISION

PATRICIA ROGERS,

            Plaintiff,

v.                                                                                          CIVIL ACTION NO.   2:22-cv-00499

CRAIG A. TARBOX, et al.,

            Defendants.

**MEMORANDUM OPINION AND ORDER**

      Pending before the Court is Defendants Craig Tarbox, Riverside Transportation, Inc., and Riverside Transport, Inc.'s ("Defendants") Partial Motion to Dismiss. (ECF No. 4.)  For the reasons more fully explained below, the motion is **DENIED**.

                              *I.*      *BACKGROUND*

      On October 23, 2020, Plaintiff Patricia Rogers ("Plaintiff") was in Fayette County, West Virginia, travelling westbound on Route 61, a two-lane highway.  (ECF No. 1-1 at 3, ¶¶ 14, 16.) Defendant Craig Tarbox, a license commercial truck driver, was also on Route 61, headed eastbound in an International-brand tractor-trailer.  (*Id.* at 3, ¶ 15.)  As the two approached one another, Plaintiff alleges Defendant Tarbox crossed the double yellow line and struck her vehicle. (*Id.* at 3, ¶ 17.)  Plaintiff further alleges this collision caused her to "suffer[] severe injuries to her body," incur medical expenses, and damaged her personal property.  (*Id.* at 5, ¶ 33.)

Plaintiff filed suit in the Circuit Court of Fayette County, West Virginia, on September 22, 2022. (*Id.* at 1.) She sued Defendant Tarbox, Riverside Transportation, Inc. (Tarbox's employer), Riverside Transport, Inc. (an affiliate), and John Doe Company.[1] (*Id.* at 1, 2, ¶¶ 2, 3, 6, & 10.) Plaintiff's complaint includes two causes of action. Count I alleges Defendant Tarbox was negligent or, alternatively, reckless in operating his tractor-trailer, which she further alleges gives rise to vicarious liability. (*Id.* at 2–5, ¶¶ 13–33.) Count II sets forth a claim of "Prima Facie Negligence," wherein Plaintiff alleges Defendant Tarbox acted negligently by violating multiple state laws, as well as federal regulations, and hitting her.[2] (*Id.* at 5–7, ¶¶ 34–46.) In her prayer for relief, Plaintiff asks for compensatory and punitive damages, interest thereon, and her attorneys' fees. (*Id.* at 7–8.)

Defendants removed the case to this Court on October 28, 2022, properly invoking diversity jurisdiction pursuant to 28 U.S.C. § 1332. (ECF No. 1.) Defendants then filed a partial motion to dismiss and strike on November 4, 2022, (ECF No. 4), to which Plaintiff responded on November 18, 2022, (ECF No. 6). Defendants did not reply. The matter is now ripe for adjudication.

## II.    LEGAL STANDARD

### A. Motion to Dismiss

Federal Rule of Civil Procedure 8(a) lays out the pleading requirements for federal court. Rule 8(a)(2) requires that the complaint include "a short and plain statement of the claim showing

---

[1] The Court notes that Plaintiff alleges in the alternative that Defendant Tarbox was employed by Defendant Riverside Transport, Inc., and/or Defendant John Doe Company. (ECF No. 1-1 at 4, ¶ 32.)
[2] Plaintiff alleges Defendant Tarbox violated West Virginia Code § 17C-6-1, West Virginia Code § 17C-7-9, and "Federal Motor Carrier Safety Regulations and various rules of the road, as incorporated into the laws and regulations of West Virginia." (ECF No. 1-1 at 6, 7, ¶¶ 38, 41, & 43.)

2

that the pleader is entitled to relief." Rule 8(a)(3) also requires that the complaint contain "a demand for the relief sought, which may include relief in the alternative or different types of relief."

A motion to dismiss for failure to state a claim upon which relief may be granted tests the legal sufficiency of a civil complaint. Fed. R. Civ. P. 12(b)(6). A plaintiff must allege sufficient facts, which, if proven, would entitle him to relief under a cognizable legal claim. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 554–55 (2007). A case should be dismissed if, viewing the well-pleaded factual allegations in the complaint as true and in the light most favorable to the plaintiff, the complaint does not contain "enough facts to state a claim to relief that is plausible on its face." *Id.* at 570. In applying this standard, a court must utilize a two-pronged approach. First, it must separate the legal conclusions in the complaint from the factual allegations. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Second, assuming the truth of only the factual allegations, the court must determine whether the plaintiff's complaint permits a reasonable inference that "the defendant is liable for the misconduct alleged." *Id.* Well-pleaded factual allegations are required; labels, conclusions, and a "formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555; *see also King v. Rubenstein*, 825 F.3d 206, 214 (4th Cir. 2016) ("Bare legal conclusions 'are not entitled to the assumption of truth' and are insufficient to state a claim." (quoting *Iqbal*, 556 U.S. at 679)). A plaintiff's "[f]actual allegations must be enough to raise a right to relief above the speculative level," thereby "nudg[ing] [the] claims across the line from conceivable to plausible." *Twombly*, 550 U.S. at 555, 570.

B. *Motion to Strike*

Federal Rule of Civil Procedure 12(f) provides that a "court may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Motions to strike "are generally viewed with disfavor because striking a portion of a pleading is a drastic remedy and because it is often sought by the movant simply as a dilatory tactic." *Waste Mgmt. Holdings, Inc. v. Gilmore*, 252 F.3d 316, 347 (4th Cir. 2001) (internal quotation marks omitted). The moving party has the burden of demonstrating that the challenged material should be stricken by showing that the material in question has no bearing on the litigation and that its inclusion will be prejudicial. *See Jackson v. United States*, No. 3:14-15086, 2015 WL 5174238, at *1 (S.D. W. Va. Sept. 2, 2015) (quoting *Moore's Fed. Practice* 3D § 12.37[3] at 12–129 (3d ed. 2009)). Any doubts are resolved in favor of the non-moving party. *See* 5 Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* § 1255 (4th ed. Apr. 2022 update).

### III. DISCUSSION

Defendants attack three aspects of Plaintiff's complaint. First, Defendants argue Plaintiff failed to allege sufficient facts to state a recklessness claim. Second, they contend Count II should be dismissed because West Virginia does not recognize a claim for prima facie negligence; they argue in the alternative that Count II should be stricken as redundant. Third, Defendants ask the Court to dismiss certain remedies Plaintiff has requested. Although frivolous, the Court addresses each argument in turn. The Court then addresses Defendants' counsel's sanctionable conduct.

A. *Recklessness*

Defendants first seek dismissal of Plaintiff's recklessness claim. They argue that Plaintiff's complaint "fails to set forth a sufficient basis for any finding" of recklessness. (ECF

4

No. 5 at 4.) Specifically, Defendants argue Plaintiff's claim is insufficient because "the only factual allegation underlying" it "is that [Defendant Tarbox] caused his tractor trailer to enter the Plaintiff's lane of travel." (*Id.* at 5.) Plaintiff, on the other hand, points the Court to several allegations underlying her recklessness claim. She asserts that Defendant Tarbox "failed to maintain . . . the proper lane of travel," "keep his [vehicle] under control," and violated "applicable regulations and laws," all while driving a tractor-trailer. (ECF No. 6 at 8.) These failures, she contends, are sufficient to state a claim for recklessness. (*Id.*) The Court agrees.

The Supreme Court of Appeals of West Virginia has long said "reckless" conduct occurs when "the actor has intentionally done an act of an unreasonable character in disregard of a risk known to him or so obvious that he must be taken to have been aware of it, and so great as to make it highly probable that harm would follow." *Holsten v. Massey*, 490 S.E.2d 864, 877 (W. Va. 1997) (emphasis omitted) (quoting *Cline v. Joy Mfg. Co.*, 310 S.E.2d 835, 838 n.6 (W. Va. 1983)); *see also Recklessness*, *Black's Law Dictionary* (11th ed. 2019) (defining "recklessness" as "[c]onduct whereby the actor does not desire harmful consequence but nonetheless foresees the possibility and consciously takes the risk").

Here, Plaintiff has adequately alleged facts to support her recklessness claim. Her complaint alleges that Defendant Tarbox, a licensed truck driver, violated not only basic rules of the road but also several state laws when he crossed the double yellow line on a two-lane highway. (ECF No. 1-1 at 3, ¶ 17.) Surely, he was well aware of the obvious danger and high probability of harm that accompanies crossing the center line. *See Holsten*, 490 S.E.2d at 877. The Court finds it inexcusable that Defendants' counsel continues to file these frivolous motions to dismiss meritorious recklessness claims. *See, e.g.*, *Harris v. Kenan Advantage Grp., Inc.*, No. 2:18-cv-

5

01264, 2018 WL 6182693, at *2–3 (S.D. W. Va. Nov. 27, 2018) (denying a motion to dismiss a request for punitive damages premised on recklessness where the truck driver ran a red light and collided with the plaintiff); *Hartung v. Yelverton*, No. 2:13-4178, 2013 WL 2484517, at *2–3 (S.D. W. Va. June 10, 2013) (denying a motion to dismiss a request for punitive damages where the plaintiff alleged the defendant acted recklessly by overloading his rig to the point he could only drive at five percent of the minimum speed on the interstate, which caused a wreck); *Shulin v. Werner Enters., Inc.*, No. 1:15-cv-95, 2015 WL 4730064, at *3–4 (N.D. W. Va. Aug. 10, 2015) (denying a motion to dismiss a recklessness claim where the plaintiff alleged the truck driver saw the decedent on the side of the road, nevertheless took his eyes off the road, and ultimately struck—and killed—the decedent). Defendants' motion to dismiss Plaintiff's recklessness claim is thus **DENIED**.

B. *Prima Facie Negligence*

Defendants next ask the Court to dismiss Count II of the Complaint, wherein Plaintiff alleges a claim for prima facie negligence based on several statutory and regulatory violations. (ECF No. 5 at 6–7.) Defendants first argue the claim should be dismissed under Rule 12(b)(6) because West Virginia "does not recognize a separate, standalone cause of action for 'Prima Facie Negligence.'" (*Id.* at 6.) Alternatively, Defendants suggest the Court should strike the claim because "Count II of the Complaint merely expounds upon the allegations of negligence set forth in Count I." (*Id.* at 7.) A quick analysis shows how baseless each argument is.

1. Motion to Dismiss

As just noted, Defendants believe Count II should be dismissed because, in their estimation, West Virginia does not recognize a claim for prima facie negligence. (*Id.* at 6–7.) This argument defies common sense and misconstrues basic legal terminology.

The elements of a West Virginia negligence claim are well-established: the plaintiff must prove the defendant (1) owed him a duty, (2) breached that duty, and (3) that breach proximately caused his injuries. *Wheeling Park Comm'n v. Dattoli*, 787 S.E.2d 546, 551 (W. Va. 2016) (quoting *Webb v. Brown & Williamson Tobacco Co.*, 2 S.E.2d 898, 899 (W. Va. 1939)). It is also well-established that a plaintiff may use a defendant's statutory violation against him—thereby proving the defendant's negligence—because the "[v]iolation of a statute is prima facie evidence of negligence." Syl. Pt. 2, in part, *Waugh v. Traxler*, 412 S.E.2d 756 (W. Va. 1991) (italics omitted) (quoting Syl. Pt. 1, *Anderson v. Moulder*, 394 S.E.2d 61 (W. Va. 1990)). Of course, proving the defendant violated a statute only goes so far, *i.e.*, proof that a duty was breached. *See Shaffer v. Acme Limestone Co.*, 524 S.E.2d 688, 701 (W. Va. 1999). The plaintiff must still show that the defendant's statutory "violation . . . proximate[ly] cause[d] . . . the plaintiff's injury." Syl. Pt. 2, in part, *Waugh*, 412 S.E.2d 756 (quoting Syl. Pt. 1, *Anderson*, 394 S.E.2d 61). Once the plaintiff shows causation, he enjoys a "prima facie presumption of negligence." Syl. Pt. 3, *Waugh*, 412 S.E.2d 756. And, as every first-year law student knows, the "prima facie presumption of negligence created [by a statutory] violation" can be rebutted with evidence that the defendant acted reasonably under the circumstances. *Id.* (italics omitted); *see also Prima Facie*, *Black's Law Dictionary* (11th ed. 2019) ("Sufficient to establish a fact or raise a presumption unless disproved or rebutted.").

Defendants' argument here is downright disingenuous. A quick skim of Count II shows that Plaintiff pled a garden variety negligence claim—that Defendant Tarbox breached a duty owed to her, and he proximately caused her injuries. (ECF No. 1-1 at 5–7, ¶¶ 34–46.) West Virginia law demands nothing more at the pleading stage. *Jones v. Logan Cnty. Bd. of Educ.*, 881 S.E.2d 374, 383 (W. Va. 2022). That Plaintiff chose to label Count II "Prima Facie Negligence" instead of "Negligence" is of no moment. *See Serna v. Holder*, 559 F. App'x 234, 237 (4th Cir. 2014) (per curiam) (analyzing the facts of "the plaintiff's claims and causes of actions, not the legal labels attached to them"). That decision simply put Defendants on notice that she intends to use a rebuttable presumption against them; it did not transform her claim into one unrecognizable in law. Defendants' motion to dismiss Count II is **DENIED**.

2. Motion to Strike

Defendants' motion to strike fares no better. Defendants want Count II dismissed because they think it "merely expounds upon the allegations of negligence set forth in Count I." (ECF No. 5 at 7.) Defendants further argue, without citing any authority, that "[t]here is no procedural basis for the Plaintiff to assert the same claim against the same Defendant in more than one count of the complaint." (*Id.*)

Defendants once again ignore basic legal principles. Counts I and II may each assert negligence claims, but they differ in a material way: the duty owed and corresponding breach. Count I is a standard negligence claim, which asks whether Defendant Tarbox conducted himself as a man of ordinary prudence. *See* Syl. Pt. 6 *Dattoli*, 787 S.E.2d 546 (quoting Syl. Pt. 3, *Sewell v. Gregory*, 371 S.E.2d 82 (W. Va. 1988)). Count II, by contrast, focuses on whether he violated any applicable statutes or regulations. *Waugh*, 412 S.E.2d at 759. Doubtless, these claims

8

overlap to some extent, but they each seek to enforce different duties, involving different legal and factual issues. Plaintiff may prevail on Count I, fail on Count II, vice versa, win both, or lose both. Fed. R. Civ. P. 8(d). Count II does more than expound upon Count I; Count II provides Plaintiff an alternative legal theory from which she may seek recovery. Because Defendants offer no legitimate reason to strike Count II, their motion is **DENIED**.

C. *Remedies*

Defendants also move to dismiss Plaintiffs' request for punitive damages and attorneys' fees. (ECF No. 5 at 4–5.) Defendants contend that Plaintiff has not pled sufficient facts to entitle her to an award of either. (*Id.*) Plaintiff, on the other hand, argues that Defendants' Rule 12(b)(6) motion is an improper vehicle to assess her requested remedies. (ECF No. 6 at 6–7.) The Court agrees.

The interplay between Rules 8 and 12 drives the analysis here. As explained above, Rule 8(a)(2) requires Plaintiff to plead "a short and plain statement of [her] claim" for relief. Rule 12(b)(6), in turn, allows the Court to test whether she has pled a viable claim. Importantly, however, "[P]laintiff's claims are distinct from the remedies" sought. *Gillespie v. Elsner*, No. 2:22-cv-322, 2022 WL 11913178, at *3 (S.D. W. Va. Oct. 20, 2022) (Copenhaver, J.); *see also Dingxi Longhai Dairy, Ltd. v. Becwood Tech. Grp., L.L.C.*, 635 F.3d 1106, 1108 (8th Cir. 2011) (per curiam); *Bontkowski v. Smith*, 305 F.3d 757, 762 (7th Cir. 2002) (Posner, J.) ("[T]he demand is not itself a part of the plaintiff's claim."); *Schoonover v. Schoonover*, 172 F.2d 526, 530 (10th Cir. 1949) ("[I]t is recognized, without exception, that the prayer forms no part of the cause of action."). Because of this, the Rule 12(b)(6) inquiry is cabined to Plaintiff's claims under Rule 8(a)(2); it cares not a whit about her requested relief under Rule 8(a)(3). *Bennett v. Bardon*, No.

2:22-cv-453, 2023 WL 364112, at *3 (S.D. W. Va. Jan. 23, 2023) (Copenhaver, J.) (explaining that the remedies sought "in the complaint's *ad damnum* clause fall within the scope of Rule 8(a)(3), and as such are not subject to dismissal pursuant to a 12(b)(6) motion"); *Weller v. JP Morgan Chase Bank*, No. 3:16-cv-110, 2017 WL 5158681, at *3 (N.D. W. Va. Jan. 30, 2017) (Groh, J.); *Segura v. City of La Mesa*, No. 21-cv-565, 2022 WL 17905529, at *11 (S.D. Cal. Dec. 23, 2022) (explaining that "potential remedies" are "not standalone claims," and therefore not subject to a Rule 12(b)(6) motion); *Facchetti v. Vest,* No. 5:15-cv-00049, 2016 WL 3920487, at *1 (W.D. Va. July 18, 2016) ("Rule 12(b)(6) does not provide a vehicle to dismiss a portion of relief sought or a specific remedy, but only to dismiss a claim in its entirety."); *see also* Wright & Miller, *supra*, § 1255 ("The sufficiency of a pleading is tested by the Rule 8(a)(2) statement of the claim for relief and the demand for judgment is not considered part of the claim for that purpose, as numerous cases have held. Thus, the selection of an improper remedy in the Rule 8(a)(3) demand for relief will not be fatal to a party's pleading if the statement of the claim indicates the pleader may be entitled to relief of some other type." (footnotes omitted)). Defendants therefore cannot use a Rule 12(b)(6) motion to attack Plaintiff's requested remedies. Their motion to dismiss is **DENIED**.

    D. Sanctions

Having dealt with Defendants' motion, the Court now takes up a related matter: sanctions. The Federal Rules of Civil Procedure prohibit attorneys from filing motions for "any improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation." Fed. R. Civ. P. 11(b)(1). The Rules also prohibit attorneys from filing motions that are neither

"warranted by existing law [n]or by a nonfrivolous argument for extending, modifying, or reversing existing law or for establishing new law." Fed. R. Civ. P. 11(b)(2).

Defendants' counsel is not immune from Rule 11. But, for whatever reason, they feel entitled to do exactly what Rule 11 prohibits—filing frivolous Rule 12(b)(6) motions as a matter of course, irrespective of the plaintiff's factual allegations and governing law. This does nothing but delay litigation, run up costs on contingency fee cases, and waste everyone's time, the Court's included. Take the recklessness claim, for instance. The Court's research (cited above) indicates that counsel routinely moves to dismiss even the most meritorious recklessness claims, blatantly ignoring the low bar needed to state a claim. As for the remedies issue, the Court notes that counsel previously litigated—and lost—this exact legal issue in this Court prior to filing the current motion. *Gillespie*, No. 2:22-cv-00322, 2022 WL 11913178. Nevertheless, they raised the issue again, but failed to mention, much less grapple with, Judge Copenhaver's well-reasoned analysis in *Gillespie*. Finally, Defendants' stance on the prima facie negligence claim needs no explanation, as any first-year torts student would understand that Plaintiff has stated a cognizable claim.

Why does counsel continue to do this? Likely because they have faced no consequences. However, the Court will no longer tolerate it, and the Court hereby **ORDERS** Defendants' counsel to **SHOW CAUSE** as to why sanctions would be inappropriate. Counsel's written submissions shall be due within **10 days** of the entry of this Order. Plaintiff, meanwhile, may submit to the Court her attorneys' fees and costs incurred as a result of this matter.

IV. CONCLUSION

For these reasons, Defendants' Partial Motion to Dismiss is **DENIED**.

11

**IT IS SO ORDERED**.

The Court **DIRECTS** the Clerk to send a copy of this Order to counsel of record and any unrepresented party.

                    ENTER:        April 7, 2023

THOMAS E. JOHNSTON, CHIEF JUDGE